IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00505-REB-KLM

DIEBOLD ENTERPRISES SECURITY SYSTEMS, INC.
a New York corporation,

       Plaintiff,

v.

LOW VOLTAGE WIRING, LTD., d/b/a
LVW ELECTRONICS, INC.,
a Colorado corporation,

       Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Diebold Enterprises Security Systems ("Diebold") and Low Voltage Wiring, LTD d/b/a LVW Electronics, Inc. ("LVW") (each a "party" and collectively the "Parties") hereby stipulate and agree, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to entry by the Court of the following Stipulated Protective Order which will order that the following procedures are to be employed in Case No. 1:13-cv-00505-REB-KLM to prevent disclosure or improper use of confidential and non-public information and documents concerning Diebold, LVW, LVW's prime contract with the U.S. Army Engineering and Support Center, CEHNC-CT and/or the Subcontract between Diebold and LVW that may be produced in the course of this matter.

UPON THE STIPULATION AND AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED as follows:

1. A party to this action may designate as "Confidential Material" in the manner set forth in paragraph 3, any document, deposition testimony, written discovery responses, information, or other material voluntarily disclosed or sought to be discovered that counsel representing the producing party has determined, in good faith, to constitute proprietary, confidential, trade secret or other non-public information and documents concerning Diebold, LVW, LVW's prime contract with the U.S. Army Engineering and Support Center, CEHNC-CT and/or the Subcontract between Diebold and LVW. The terms of this Stipulated Protective Order govern all aspects of the procedures to be followed in making or challenging such designations and the terms, conditions and restrictions on the use of information or documents designated as Confidential Material.

2. In the event any documents, deposition testimony, information or other material is sought in this litigation directly from any person or entity not a party to this litigation through deposition testimony, trial testimony or a subpoena (a "non-party"), such non-party shall have the same rights to designate information or documents produced in this matter as Confidential Material as the Parties have, including the obligations imposed by this Stipulated Protective Order in the event that a challenge is raised against a non-party's designation of material as Confidential Material, and the use of Confidential Material produced by a non-party to the Parties shall be governed in all respects by this Stipulated Protective Order.

3. Materials to be treated as Confidential Materials must be designated as follows:

a. <u>Written discovery answers.</u> Any party wishing to designate written discovery answers as Confidential Material must type those answers in a separate document in which every page is marked with the following legend:

CONFIDENTIAL PURUSANT TO PROTECTIVE ORDER USDC Case No 1:13-cv-00505-REB-KLM

b. <u>Other documents.</u> Any party wishing to designate documents other than written discovery answers as Confidential Material must place the legend set-forth in paragraph 3(a) above upon every page of any document containing information to be treated as Confidential Material.

c. <u>Oral testimony</u>.

    i. Any party wishing to designate deposition testimony as Confidential Material must either:

        (1) In advance of disclosure, state that the testimony is Confidential Material and advise all persons present that the information is subject to this Stipulated Protective Order. The testimony designated as Confidential Material must be separately transcribed and marked with the legend described in paragraph 3(a). Only those persons designated in paragraph 4, who have complied with paragraph 5, if applicable, may view, listen to or read this testimony.

        (2) If a designation of Confidential Material is not made in advance of disclosure at a deposition, such designation may be made within 30 days following the date the party seeking to designate Confidential Material receives the deposition transcript, by providing written notice of designation to all parties. All persons with copies of the designated portions of the deposition transcript shall then mark their copies with the legend described in paragraph 3(a).

    Until the 30-day period for post-deposition designation of Confidential Material has expired, all deposition testimony and transcripts shall be treated as Confidential Material.

      ii.     If testimony concerning Confidential Material is elicited at a hearing or at trial, counsel for any party may request that the Court designate a portion of the transcript to be sealed and treated as Confidential.

4. Except as set forth in this Order, Confidential Material or the contents of Confidential Material of another party must not be shown to, given to, discussed with, or otherwise disclosed to any person other than:

    a.    Counsel of record for the parties and their respective partners, associates, paralegals and clerical personnel;

    b.    Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

    c.    Third-party vendors and their employees retained by the parties or counsel who are involved only in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data;

    d.    Court reporters in this action;

    e.    Persons reasonably believed to have authored, received or been aware of the Confidential Material or who are employees of the party which produced or designated the Confidential Material, provided such persons are not given a copy of any such Confidential Material to retain;

    f.    The Court, its employees and agents, provided that such materials are marked Confidential pursuant to court order and filed as a document restricted by court order pursuant to D.C.Colo.L.Civ.R. 7.2; and

    g.    The Parties' respective officers, directors, and employees, but only to the extent that such disclosure is reasonably necessary for preparation of the case.

5. Counsel shall not disclose Confidential Material or the contents of Confidential Material of the other party or a non-party to any of the persons listed in

subparagraphs "b" and "c" of paragraph 4, until that person has executed and provided to that Counsel an Affidavit in the form of Exhibit A attached hereto. Copies of the executed Affidavits are to be provided to opposing counsel upon request during the pendency of the case and upon a request made no later than 60 days after the conclusion of this litigation, whether by final judgment or settlement.

6.   Any person obtaining access to Confidential Material or the information in the Confidential Material, may use the Confidential Material or the information in the Confidential Material only for the purposes of the above-captioned action and for no other purpose.  Without limitation, no Party receiving Confidential Material or the information in the Confidential Material shall use the Confidential Material or the information in the Confidential Material in any action or proceeding or for any business, commercial, or competitive purpose.

7.   Within 60 days of the conclusion of this litigation by final judgment or settlement, all persons subject to the terms of this Order must:

    a.   Either destroy or assemble and return to the party who produced the Confidential Material, including depositions and deposition exhibits designated as Confidential Material, and all copies thereof; and

    b.   destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which embody, contain, or disclose the information in Confidential Material produced by the other party or a non-party;

Except that Counsel, as defined in subparagraph "a" of paragraph 4, may retain all Confidential Material and the information in the Confidential Material and will remain subject to this Stipulated Protective Order.

8.      Confidential Materials and the information in them may be used in any court proceeding in this case including depositions, hearings and trial, subject to the rules of evidence, the Federal Rules of Civil Procedure and any other applicable law. Such information shall not lose its confidential status through such use, and the parties shall take reasonable steps to protect the confidentiality of such information during its use.

9.      In the event it is necessary for the Parties to file Confidential Material with the Court in connection with any proceeding or motion, the Confidential Material shall be used and filed in accordance with the local rules of the Court.

10.     Nothing in this Stipulated Protective Order shall require production of information which any party contends is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to any claim of privilege or work product immunity for such information. If a party has inadvertently produced information subject to a claim of immunity or privilege, the party receiving the information shall promptly return the information upon its discovery of the inadvertent production, or when the claim of inadvertent production is made. If a party disagrees with a claim of inadvertent production, the party, after returning such information, may challenge the designation of the information or document as Confidential Material pursuant to the procedure set forth in paragraph 13.

11. By production of any Confidential Material or providing testimony pursuant to this Stipulated Protective Order, the parties do not waive, but rather expressly reserve any and all legal rights, obligations, privileges, or immunities applicable to such Confidential Material and any corresponding testimony or information. Nothing contained in this Stipulated Protective Order shall affect the rights, if any, of the Parties to make any other type of objection, claim or other response to any discovery request, subpoena, or any question at deposition, nor shall this Stipulated Protective Order be construed as a waiver by the Parties of any legally cognizable privilege to withhold any document or information, or of any right to which the Parties may have to assert such privilege at any stage of these proceedings.

12. For good cause shown, a party may at any time seek modification or termination of this Order, first by seeking to obtain the consent of every other party to such modification or termination, and then, absent consent, by application to this Court. No party shall seek any modification or termination of this Stipulated Protective Order without providing the other parties a minimum of ten (10) days written notice.

13. A party may challenge the designation of a party or non-party's designation of information or documents as Confidential Material as follows: (1) A party may object to a party or non-party's designation of Confidential Material by giving written notice to the party or non-party designating the disputed information. The written notice shall identify the disputed information and the basis for the objection; (2) If the party or non-party producing the disputed Confidential Information and the objecting party cannot resolve the objection within ten (10) business days after the time the notice

is received, it shall be the obligation of the party designating the information as Confidential Material to make an appropriate motion pursuant to MJ Mix's discovery procedures (KLM) requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order <u>and</u> it shall be the burden of the party designating the information as Confidential Material to demonstrate that good cause exists for the disputed information to be treated as Confidential Material; (3) If such a motion is timely made, the disputed information shall be treated as Confidential Material until the Court rules on the motion; and (4) If the designating party does not make such a motion within ten business days, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material subject to this Stipulated Protective Order.

      14.    Nothing in this Stipulated Protective Order constitutes a finding or admission that any Confidential Material or information is in fact confidential, proprietary or otherwise not subject to disclosure.

      15.    The terms of this Stipulated Protective Order, as and if modified, shall survive and remain in effect after the termination or settlement of this litigation.

      DATED this _15th_ day of ____June____, 2013.

                             BY THE COURT

                             _____
                             United States ~~District Court~~ Magistrate Judge

- 8 -

2004241715_1                                                    *Stipulated Protective Order*

The foregoing Stipulated Protective Order is stipulated and agreed to by the parties' undersigned counsel.

Respectfully submitted this 12th day of June, 2013

s/*Nicole K. Gorham*
Hilary D. Wells
Nicole K. Gorham
ROTHGERBER JOHNSON & LYONS LLP
One Tabor Center, Suite 3000
1200 17th Street
Denver, CO 80202-5855
Tel:   (303) 623-9000
Fax:   (303) 623-9222
e-mail:  hwells@rothgerber.com
         ngorham@rothgerber.com

*Attorneys for Plaintiff*

s/*Randolph L. Snow*
Randolph L. Snow
Robert B. Preston III
BLACK McCUSKEY SOUERS
  & ARBAUGH, LPA
220 Market Avenue South, Suite 1000
Canton, OH 44702
Tel:   (330) 456-8341
Fax:   (330) 456-5756
e-mail:  rsnow@bmsa.com
         bpreston@bmsa.com

*Attorneys for Plaintiff*

s/*Ryan J. Klein*
Durward E. Timmons
Ryan J. Klein
SHERMAN & HOWARD L.L.C.
90 South Cascade Avenue, Suite 1500
Colorado Springs, CO 80903-4015
Tel:   (719) 475-2440
Fax:   (719) 635-4576
e-mail:  dtimmons@shermanhoward.com
         rklein@shermanhoward.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00505-REB-KLM

DIEBOLD ENTERPRISES SECURITY SYSTEMS, INC.
a New York corporation,

   Plaintiff,

 v.

LOW VOLTAGE WIRING, LTD., d/b/a
LVW ELECTRONICS, INC.,
a Colorado corporation,

   Defendant.

---

**ACKNOWLEDGMENT FOR STIPULATED PROTECTIVE ORDER**

---

STATE OF _____)
              )ss.
COUNTY OF _____)

_____ swears or affirms and states under penalty of perjury:

  1. I have read the Stipulated Protective Order (the "Protective Order") in this action, a copy of which is attached to this Acknowledgement for Stipulated Protective Order.

  2. I have been informed by _____, counsel for _____, that materials provided to me and marked as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" are protected, as specified in the Protective Order.

  3. I have not divulged and will not divulge or undertake to divulge to any person or recording device any information identified as CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER shown or told to me except as authorized in the Protective Order. I will not use the information identified as CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER for any purpose other than as provided in the Protective Order and in all respects will abide by the Protective Order.

**EXHIBIT A**

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado.

DATED: _____

_____
[Signature]

SUBSCRIBED AND SWORN TO before me this _____ day of _____ by _____.

Witness my hand and official seal.

My Commission expires _____.

_____
Notary Public