### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 13-cv-00505-REB-KLM

DIEBOLD ENTERPRISES SECURITY SYSTEMS, INC., a New York corporation,

    Plaintiff,

v.

LOW VOLTAGE WIRING, LTD, a Colorado corporation d/b/a LVW Electronics, Inc.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES

**Blackburn, J.**

The matter before me is **Defendant's Motion for Attorneys' Fees** [#67][1], filed December 24, 2013. I deny the motion.

The generally applicable "American Rule" provides that "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." ***Alyeska Pipeline Service Co. v. Wilderness Society***, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); ***see also Federal Trade Commission v. Kuykendall***, 466 F.3d 1149, 1152 (10th Cir. 2006). Nevertheless, pursuant to Colorado statute,

> the court shall award, by way of judgment or separate order, reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification.

§13-17-102(2), C.R.S. Assuming *arguendo* that this statute is applicable in the first

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

instance, *see In re Johnson*, 485 B.R. 642, 649 (Bankr. D. Colo. 2013) (finding statute preempted by Bankruptcy Rule counterpart to Fed. R. Civ. P.11), I find that plaintiff's claims did not lack substantial justification and therefore an award of attorney fees is not proper.

A claim lacks substantial justification where it is "substantially frivolous, substantially groundless, or substantially vexatious." §13-17-102(4), C.R.S. A claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of the claim." *Remote Switch Systems, Inc. v. Delangis*, 126 P.3d 269, 275 (Colo. App. 2005). A claim is groundless if "the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence." *Id. See also Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1219 (10th Cir. 2010) ("Further, a claim lacks substantial justification if it lacks supporting evidence or the party pursing the claim cannot make a rational argument in its support based on the evidence or governing law."). A claim is vexatious if it is brought or maintained in bad faith. *Board of Commissioners, County of Boulder v. Eason*, 976 P.2d 271, 273 (Colo. App. 1998). In making this determination, the court should consider the factors enumerated in §13-17-103(1), C.R.S., and I have done so here. *But see Munoz v. Measner*, 247 P.3d 1031, 1034-35 (Colo. 2011) (court need not specifically analyze these factors where it determines that attorney fees are not warranted).

Nothing in the record remotely suggests that plaintiff's claims in this lawsuit lacked substantial justification. There is certainly no evidence to suggest that plaintiff's

claims were vexatious or brought in bad faith.  The underlying series of interrelated and somewhat convoluted contracts clearly provided adequate factual support for the suit.  The claim therefore was not groundless.  Although plaintiff's arguments ultimately were unsuccessful, its claim plainly was colorable and not frivolous.

"Where rational minds can disagree, . . . a party's claims to pursue a creative, but ultimately wrong, legal theory to protect its significant rights are not substantially frivolous, groundless, or vexatious." ***Cherokee Metropolitan District v. Upper Black Squirrel Creek Designated Ground Water Management District***, 247 P.3d 567, 576 (Colo. 2011).  Such is what occurred here.  No award of attorney fees is warranted or required on these facts.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion for Attorneys' Fees** [#67], filed December 24, 2013, is **DENIED**.

Dated April 14, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

3