IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00505-REB-KLM

DIEBOLD ENTERPRISES SECURITY SYSTEMS, INC., a New York corporation,

    Plaintiff,

v.

LOW VOLTAGE WIRING, LTD., a Colorado corporation doing business as LVW Electronics, Inc.,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion for Review of Clerk's Taxation of Costs, ECF No. 77** [#79][1] (the "Motion"). Plaintiff filed a Response [#81] in opposition to the Motion, and Defendant filed a Reply [#82]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#79] is **GRANTED**.

## I. Background

On December 10, 2013, the Court granted Defendant's Motion for Summary Judgment and awarded Defendant its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1. *See Order Granting Defendant's Motion for Summary Judgment*

---

[1] "[#79]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[#64] at 7-8. As a result, on December 24, 2013, Defendant filed its proposed Bill of Costs [#66], listing a total of $5,920.70 in costs associated with litigating this case. On January 8, 2014, Defendant filed a proposed Amended Bill of Costs [#69], listing a total of $5,920.70 in costs associated with litigating this case and Defendant's Reasonable Effort Statement Regarding Bill of Costs [#70]. Defendant included $4,007.85 for court reporter fees and the cost of obtaining deposition transcripts. *See generally Proposed Amended Bill of Costs, Ex. 1* [#69-1]. The remaining $1,912.85 was attributed to "copies of papers necessarily obtained for use in the case." *Proposed Amended Bill of Costs, Ex. 2* [#69-2] at 1; *Proposed Amended Bill of Costs* [#69] at 1. On January 28, 2014, the Clerk of the Court taxed Plaintiff $0.00 in costs, noting that the motion for summary judgment was filed on May 24, 2013, before the depositions for which Defendant sought costs were taken and that those depositions were "not a part of the dispositive motion; nor was a Final Pretrial Order entered listing witnesses, where depositions would be necessary for effective preparation for trial." *Bill of Costs* [#77] at 2. The Clerk also noted that the $1,912.85 included "copying charges incurred for discovery [and] case records management; not used as part of the summary judgment motion." *Id.* at 3.

In the instant Motion [#45], Defendant challenges the Clerk's conclusion that the $4,007.85 relating to deposition expenses sought in the proposed Amended Bill of Costs should not be awarded to Defendant. *See Motion* [#79] at 1. Defendant argues that based on the facts and circumstances at the time the deposition expenses were incurred, they were reasonably necessary to the litigation of the case. *Id.* at 4-5. Defendant further argues that the portion of the costs associated with depositions taken by Plaintiff should be awarded. *Id.* at 5. In addition, Defendant notes that it "is not seeking costs for the

2

deposition of some extraneous third-party, but a corporate deposition of [Plaintiff] and individual deposition of its expert witness," which, Defendant maintains, were necessary at the time. *Id.* at 6. Further, Defendant states that "not long before the Court's Order Granting Defendant's Motion for Summary Judgment, counsel for [Plaintiff] told [Defendant's counsel] that [Plaintiff] intended to call at least two of the seven corporate representatives at trial . . . . [Defendant] would have used the deposition transcripts of these corporate representatives . . . to prepare for trial," and Defendant "would have used the other deposition[ ] transcripts at trial pursuant to [Fed. R. Civ. P.] 32." *Id.* at 6-7. Finally, Defendant argues that it "could not list witnesses in the Final Pretrial Order because the Court entered its Order Granting Defendant's Motion for Summary Judgment more than two weeks before the" deadline to submit the proposed order. *Id.* at 6.

In its Response, Plaintiff argues because the Court did not rely on the disputed deposition transcripts when granting summary judgment, the costs associated with those depositions should not be awarded to Defendant. *Response* [#81] at 4. Plaintiff maintains that the disputed depositions were "merely used for discovery . . . and their expense should be borne by the party taking them and ordering them as incident to normal preparation for trial." *Id.*

In its Reply, Defendant revisits the arguments expressed in the Motion and further maintains that it "had no control over" Plaintiff's designation of seven different employees in response to the Fed. R. Civ. P. 30(b)(6) deposition notice Defendant served on Plaintiff, and, therefore, the number of 30(b)(6) deposition transcripts included in the proposed Amended Bill of Costs should not counsel against the imposition of costs. *Reply* [#82] at 3.

3

## II. Analysis

Fed. R. Civ. P. 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." The district court has discretion in taxing costs but the Tenth Circuit has recognized two limitations to that discretion. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). First, the language of the rule creates a presumption in favor of an award of costs to the prevailing party. *See id*. Second, "the district court must provide a valid reason for denying such costs." *Id*. (internal quotation marks and citation omitted). This is because denying the prevailing party costs "would be in the nature of a severe penalty . . . and there must be some apparent reason to penalize the prevailing party if costs are to be denied." *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

Pursuant to 28 U.S.C. § 1920(2) & (4), the Court may only tax costs for transcripts and copies "necessarily obtained for use in the case." In *In re Williams*, the Tenth Circuit summarized this standard as follows:

> The "necessarily obtained for use in the case" standard does not allow a prevailing party to recover costs for materials that merely "added to the convenience of counsel" or the district court. *Touche Ross,* 854 F.2d at 1245. To be recoverable, a prevailing party's transcription and copy costs must be "reasonably necessary to the litigation of the case." *Mitchell v. City of Moore,* 218 F.3d 1190, 1204 (10th Cir.2000). Materials produced "solely for discovery" do not meet this threshold. *Furr,* 824 F.2d at 1550. At the same time, we have acknowledged that materials may be taxable even if they are not "strictly essential" to the district court's "resolution of the case." *Id.* The "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1340 (10th Cir.1998). Our cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id.* (citing *Furr,* 824 F.2d at 1550). This standard recognizes that "caution and proper advocacy may make it incumbent on counsel to prepare for all

4

> contingencies which may arise during the course of litigation," including the "possibility of trial." *Id.*
>
> Thus, we do not "employ the benefit of hindsight" in determining whether materials for which a prevailing party requests costs are reasonably necessary to the litigation of the case. *Id.* We base this determination, instead, solely "on the particular facts and circumstances at the time the expense was incurred." *Id.; see also Allison v. Bank One-Denver,* 289 F.3d 1223, 1249 (10th Cir.2002) (recognizing that as long as the expense "appeared to be reasonably necessary at the time it was" incurred, "the taxing of such costs should be approved"). The standard is one of reasonableness. *See Mitchell,* 218 F.3d at 1204. If "materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs." *Callicrate,* 139 F.3d at 1339. Thus, we will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* at 1340.

*In re Williams*, 558 F.3d at 1147-48. "Whether materials are necessarily obtained for use in the case is a question of fact to be determined by the district court." *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998) (citation omitted). A court may find materials reasonably necessary for use in the case even when they are not used at trial. *See id.*; *Saiz v. Charter Oak Fire Ins. Co.*, No. 06-cv-01144-EWN-BNB, 2008 WL 2999558, at *3-4 (D. Colo. Aug. 1, 2008) (internal quotation marks and citations omitted) (discussing *Callicrate* and finding that deposition of plaintiff taken while motion for summary judgment was pending was necessarily obtained for use in the case because it appeared to be reasonably necessary at the time it was taken).

Defendant, as the prevailing party, bears the burden of establishing the amount of reasonable costs to which it is entitled. *In re Williams*, 558 F.3d at 1148. "Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the non-prevailing party to overcome the presumption that these costs will be taxed."

*Id.* (internal quotation and citation omitted). Here, Defendant seeks to recover a total of $4,007.85 for the costs relating to 12 depositions. *Proposed Amended Bill of Costs, Ex. 1* [#69-1] at 1; *Proposed Amended Bill of Costs* [#69] at 1. Five of the depositions were noticed and taken by Plaintiff, with costs for those depositions totaling $1,149.40 of the $4,007.85 sought in the Motion. *See Proposed Amended Bill of Costs, Ex. 1* [#69-1] at 2. The remaining seven depositions were noticed and taken by Defendant and were of Plaintiff's seven Rule 30(b)(6) designees. *Response* [#81] at 4; *Reply* [#82] at 3. Defendant provided receipts relating to the amounts it was charged by the court reporting services to substantiate the costs it seeks relating to the depositions. *See generally Proposed Amended Bill of Costs, Ex. 1* [#69-1]. Plaintiff does not contest the amounts as unreasonable, but rather focuses its attack on whether the depositions were necessarily obtained for use in the case. The Court has reviewed the amounts and the receipts as part of its analysis.

It is clear that deposition transcripts of individuals "who later testify at trial are taxable" as are "depositions where deposition excerpts were exchanged for use at trial." *Karsian Inter-Regional Fin. Grp., Inc.*, 13 F.Supp.2d 1085, 1088 (D. Colo. 1998). However, while the categories discussed in *Karsian* "provide[ ] useful guidance, [they] should not be applied to deny deposition costs that fall outside the designated categories but were nevertheless reasonably necessary to the litigation of the case." *Home Design Servs., Inc. v. Trumble*, No. 09-cv-00964-WYD-CBS, 2011 WL 6440517, at *2 (D. Colo. Dec. 2, 2011) (decision by Judge Daniel discussing his opinion in *Karsian* and awarding costs relating to deposition of named defendant who did not testify at trial). Here, we have a situation in which the Court's order granting Defendant summary judgment was entered shortly before

the parties' proposed Final Pretrial Order was due and, therefore, the parties never formally listed the witnesses they intended to call at trial or disclosed the deposition excerpts they intended to rely on during the trial. *See Motion* [#79] at 6. However, given the facts that these were depositions of Plaintiff's 30(b)(6) designees, Plaintiff told Defendant that it "intended to call at least two of the seven corporate representatives at trial, and Defendant "would have used the other deposition[ ] transcripts at trial," the Court finds that the seven depositions taken by Defendant were reasonable and necessarily obtained for use in the case because they appeared to be reasonably necessary at the time they were taken. *Motion* [#79] at 6-7; *see Saiz*, 2008 WL 2999558, at *3-4.

With regard to the five depositions noticed and taken by Plaintiff, even though the deposition transcripts were not used by the Court in granting the motion for summary judgment, Plaintiff does not take the position that those depositions were not necessary at the time they were taken. The Court finds that "it would be inequitable to impose on [Defendant] the cost of depositions that [Plaintiff] [it]self believed were reasonably necessary at the time they were taken." *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-02717-PAB-MJW, 2013 WL 5323262, at *3 (D. Colo. Sept. 23, 2013) (citing *In re Williams*, 558 F.3d at 1148). Accordingly, the Court finds that the five depositions taken by Plaintiff were reasonable and necessarily obtained for use in the case because they appeared to be reasonably necessary at the time they were taken.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#79] is **GRANTED**. The Court taxes

a total of $4,007.85 of costs, consisting of court reporter charges for depositions and transcripts relating to the depositions listed in Exhibit 1 to Defendant's proposed Amended Bill of Costs [#69].

IT IS FURTHER **ORDERED** that the Clerk of the Court shall amend the Bill of Costs [#77] to increase the amount awarded to Defendant to $4,007.85.

Dated: May 9, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge